# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| STATE OF RHODE ISLAND, *et al.*, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> THE INTERIOR, *et al.*, ) <br> ) <br> ) <br>    Defendants. ) <br> ) | C.A. No. 1:25-cv-00439-MSM-PAS |

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* CLIMATE JOBS RHODE ISLAND IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Proposed Amicus Climate Jobs Rhode Island ("CJRI") moves for leave to file an amicus curiae brief in support of Plaintiffs' motion for a preliminary injunction. The proposed amicus curiae brief is attached hereto as **Exhibit A**. In support of the motion, Amicus states:

Amicus CJRI is a program of the Rhode Island Institute for Labor Studies and Research, a tax-exempt 501(c)(3) organization. CJRI is building a broad and growing coalition of labor, environmental, and community partners committed to a just transition to an equitable, pro-worker, pro-climate green economy.

CJRI has a strong interest in this case based on its coalition members' years of engagement promoting the development of the offshore wind energy industry as part of the transition to an inclusive economy powered by clean energy. Specifically relevant to this filing, CJRI's coalition members have substantial investment in, and have provided, numerous training programs to prepare workers with the necessary skills required to work in the offshore wind energy industry generally, and on Revolution Wind specifically. The coalition's members are also

extremely familiar with the results of their training: the coalition's members are organizations whose own members include the very workers who, up until the August 22, 2025 Stop Work Order, had the prospect of continued employment at good jobs on the Revolution Wind project, with excellent wages and benefits, in an industry that was poised to provide expanded employment opportunities for skilled workers for years to come. Amicus' unique offshore-wind-energy-industry-training-and-workplace perspective makes it well qualified to present arguments and perspectives to this Court that the parties alone are not likely to present.

This Court has the "sound discretion" to permit amicus briefing. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). This is a case of great public interest and importance. Years of elaborate preparation, planning, and substantial expenditures have gone into developing and bringing Revolution Wind to the brink of completion. Amicus writes to assist the parties and the Court from the viewpoint of a coalition whose members have supported offshore wind energy development as part of a transition to a clean energy economy and have expended substantial resources developing and implementing training programs to prepare workers for the skilled, high-paying jobs in the industry. Amicus' members are also familiar with, and can advise the Court concerning, the efforts of individual workers to learn the necessary skills to work in the industry, the good, high-paying jobs with excellent benefits Revolution Wind offered, and the negative effect on employment within the industry, and on those trained workers' lives, resulting from Defendants' Stop Work Order.

Amici briefing in a case such as this may "assist the court in cases of great public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard*

*Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (internal citations and quotations omitted), *aff'd*, 807 F.3d 472 (1st Cir. 2015). Amicus offers the proposed brief to assist the Court on the issues raised by this case that are of the utmost public interest.

Amicus is fully aware that, in *Revolution Wind, LLC v. Burgum*, 1:25-cv-02999, (D.D.C.), Judge Lamberth has preliminarily enjoined enforcement of the stop order that is the subject of the instant action. Dkt. No 36.  However, Defendants have not renounced their right to seek to overturn Judge Lamberth's order nor their interest in stopping the Revolution Wind project.  Accordingly, Amicus respectfully urges the Court to proceed to consider the Motion for a Preliminary Injunction in the instant case and allow Amicus to file the attached brief in support of the Plaintiffs' Motion.

In advance of filing this Motion for Leave, Amici conferred by email with counsel for the Plaintiffs and the Defendants. The Plaintiffs consented to the filing of the proposed brief, while the Defendants stated that they take no position on the motion for leave/amicus brief.

Amicus is not requesting oral argument on this motion.

WHEREFORE, Amicus respectfully requests the Court grant this motion for leave to file the attached amicus curiae brief in support of Plaintiffs' motion for a preliminary injunction.

Dated: September 25, 2025                             Respectfully submitted,

/s/ *Carly B. Iafrate*
Carly B. Iafrate, #6343
Law Office of Carly B. Iafrate, PC
408 Broadway, 1st Fl.
Providence, RI 02909
(401) 421-0065
ciafrate@verizon.net

Richard F. Griffin, Jr.*
*pro hac vice motion pending*
Bredhoff & Kaiser, PLLC
805 Fifteenth Street, NW, Suite 1000

3

Washington, DC 20005
(202) 842-2600
rgriffin@bredhoff.com

*Attorneys for Amicus*

Washington, DC 20005
(202) 842-2600
rgriffin@bredhoff.com

*Attorneys for Amicus*

Case 1:25-cv-00439-MSM-PAS    Document 25    Filed 09/25/25    Page 4 of 5 PageID #: 715

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025, the foregoing was served on all counsel of record via the Court's ECF system.

/s/ *Carly B. Iafrate*
Carly B. Iafrate