IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants. | Case No. 1:25-cv-00439-MSM-PAS <br><br> **EXPEDITED REQUEST FOR RELIEF** |

**FEDERAL DEFENDANTS' MOTION TO HOLD PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION IN ABEYANCE OR FOR AN EXTENSION OF TIME**

Plaintiffs' motion for preliminary injunctive relief should be held in abeyance or, in the alternative, Federal Defendants should be granted an extension of time to respond to that motion. This case involves a stop work order that the Bureau of Ocean Energy Management issued on August 22 for the Revolution Wind offshore wind energy project. Compl., Dkt. No. 1. The States of Rhode Island and Connecticut ("Plaintiffs") challenge that order. But this is not the only case making such a challenge. The project proponent and entity directly affected by the order—Revolution Wind, LLC—also brought suit in the U.S. District Court for the District of Columbia ("D.D.C."). Motions for preliminary injunctive relief were filed in both cases, seeking the same relief (an injunction that would allow construction to proceed).

On September 22, D.D.C. granted Revolution Wind's motion for preliminary relief. Order Granting Preliminary Injunction, *Revolution Wind, LLC v. Burgum*, No. 25-cv-02999-RCL (D.D.C. Sept. 22, 2025), Dkt. No. 36 (attached for convenience). Thus, the stop work order that Plaintiffs ask this Court to preliminarily enjoin, Dkt. No. 21, is now enjoined and the government is barred

from enforcing it while Revolution Wind pursues its claims. *Id*. Revolution Wind is free to resume construction on the Revolution Wind Project.

In light of that development—and to preserve this Court's and the parties' resources—Federal Defendants approached the Plaintiffs here about either withdrawing their motion, holding it in abeyance, or extending Federal Defendants' time to respond. Plaintiffs refused on all fronts. Federal Defendants' response to Plaintiffs' preliminary injunction motion is currently due October 1.[1]

It makes little sense to proceed right now with Plaintiffs' motion, and there is certainly no need to proceed on the schedule set forth in the local rules. The stop work order has been enjoined. There is currently no harm to Plaintiffs or anyone else emanating from the stop work order. Federal Defendants understand that Plaintiffs have concerns regarding a potential appeal of D.D.C.'s preliminary injunction order. But even if an appeal were likely, there has not yet been an appeal. And the possibility of an appeal, standing alone, is not a reason for the Court or the parties to spend time briefing a motion that requests relief that has already been granted. An appeal itself would not change the current status quo—it would take an appeal, briefing on a motion for stay pending appeal, and D.D.C. or the D.C. Circuit granting a stay pending appeal for Plaintiffs' alleged harms to become "live" again in any immediate sense. Judicial economy counsels in favor of holding Plaintiffs' motion in abeyance.

However, recognizing Plaintiffs' concerns, Federal Defendants propose that the abeyance be conditional: any noticing of an appeal of D.D.C.'s preliminary injunction order would have the effect of lifting the abeyance and Federal Defendants' response to the States' motion would be due no later than 14 days thereafter. The need to brief (and have a ruling on) a motion for stay pending

---

[1] That Plaintiffs insist on proceeding on their preliminary injunction motion when D.D.C. has already enjoined the stop work order emphasizes the efficiency and resource concerns discussed in Federal Defendants' pending motion to transfer venue, Dkt. No. 22.

appeal (should an appeal be filed) provides additional assurance that, should it become necessary, the States' motion could be heard.

If Plaintiffs' motion is not held in abeyance, Federal Defendants request in the alternative that their deadline to respond be extended to October 24 or two weeks after any party files an appeal of D.D.C.'s order, whichever comes first. In the time since Plaintiffs filed their preliminary injunction motion on September 17, undersigned counsel have been preparing for the preliminary injunction proceedings in the D.D.C. and participating in the September 22 hearing in that case, among other litigation responsibilities in other cases. Federal Defendants thus request additional time to prepare a response to Plaintiffs' motion. Plaintiffs will not suffer any prejudice by an extension to October 24. And as explained above, should an appeal be noticed, further proceedings before D.D.C. or the D.C. Circuit would be necessary before the stop work order could be placed back in effect. There are presently no procedural circumstances to support that being the outcome. And should an appeal be noticed in the coming weeks, Federal Defendants agree to file their response to Plaintiffs' preliminary injunction motion within two weeks of that notice. As discussed above, Federal Defendants believe responding to Plaintiffs' motion two weeks after any appeal of D.D.C.'s preliminary injunction order would not prejudice Plaintiffs.

Federal Defendants first reached out to Plaintiffs' counsel concerning how to move forward on September 23 and followed up on September 25. Federal Defendants filed this motion as expeditiously as possible after obtaining Plaintiffs' position on September 26. Federal Defendants request expedited relief in light of the current October 1 deadline to respond to Plaintiffs' preliminary injunction motion.

| | |
|---|---|
| Dated: September 26, 2025 | Respectfully submitted,<br><br>ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General<br>Environment & Natural Resources Division<br><br>PETER M. TORSTENSEN, JR.<br>Deputy Assistant Attorney General<br>Environment & Natural Resources Division<br><br> *s/ Amanda K. Rudat*  <br>KRISTOFOR R. SWANSON<br>(Colo. Bar No. 39378)<br>AMANDA K. RUDAT<br>Natural Resources Section<br>Environment & Natural Resources Division<br>United States Department of Justice<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>(202) 598-1937 (Swanson)<br>(202) 532-3201 (Rudat)<br>kristofor.swanson@usdoj.gov<br>amanda.rudat@usdoj.gov<br><br>*Attorneys for Federal Defendants* |