UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND;<br>STATE OF CONNECTICUT; and<br>KATHERINE DYKES, Commissioner of the Connecticut Department of Energy and Environmental Protection,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; DOUGLAS BURGUM, Secretary of the Interior, in his official capacity; BUREAU OF OCEAN ENERGY MANAGEMENT; MATTHEW GIACONA, Acting Director of Bureau of Ocean Energy Management, in his official capacity; BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT; and KENNETH STEVENS, Principal Deputy Director of the Bureau of Safety and Environmental Enforcement, in his official capacity,<br><br>　　　　Defendants. | C.A. No. 1:25-cv-00439 |

**PLAINTIFF STATES' OBJECTION TO DEFENDANTS' MOTION TO HOLD PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION IN ABEYANCE OR FOR AN EXTENSION OF TIME**

Plaintiff States hereby object to Federal Defendants' Motion to either hold the States' motion for a preliminary injunction in abeyance or, in the alternative, for an extension of time. Plaintiff States filed a preliminary injunction because the Stop Work Order issued by Federal Defendants to the Revolution Wind Project was causing imminent and irreparable harm to the States. That is still true. Though the Stop Work Order is not currently in effect because the District Court in D.C. granted the Project developer's preliminary injunction, that situation is tenuous at best. Federal Defendants, or the advocacy group intervenor in that case, could seek a

stay of that injunction pending appeal at any time. And, if Federal Defendants' proposal was adopted by this Court, and a stay was put in place in D.D.C., the work on the Project would again come to an unplanned stop with potentially disastrous consequences to the Project and the States' interests.

The entire premise behind Federal Defendants' proposal is flawed. A preliminary injunction from one jurisdiction does not prohibit another Court from entering a preliminary injunction on the same grounds; indeed, courts "routinely grant follow-on injunctions against the Government" even where an injunction issued by a different court already provided plaintiffs with the requested relief. *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 59–60 (D.D.C. 2020); *see also CASA, Inc. v. Trump*, No. 25-CV-201, 2025 WL 2257625, at *7 (D. Md. Aug. 7, 2025) ("The existence of a preliminary injunction issued by another court that provides relief to the plaintiffs does not negate their irreparable harm."); *Nw. Immigrant Rts. Project v. United States Citizenship & Immigr. Servs.*, 496 F. Supp. 3d 31, 81 (D.D.C. 2020) ("The Court is persuaded that the parallel injunction entered in the present dispute does not remove the risk that Plaintiffs will suffer irreparable injury absent action by this Court."); *Cook Cty. v. McAleenan*, 417 F. Supp. 3d 1008, 1030 (N.D. Ill. 2019) (rejecting argument that prior preliminary injunction orders rendered pending request moot); *California v. Health & Hum. Servs.*, 390 F. Supp. 3d 1061, 1065 (N.D. Cal. 2019) (noting, among other examples, entry of parallel injunctions in three cases challenging addition of citizenship question to the census and commenting that "overlapping injunctions appear to be a common outcome of parallel litigation, rather than a reason for the Court to pass on exercising its duty to determine whether litigants are entitled to relief"), *vacated and remanded on other grounds sub nom. California v. United States HHS*, 977 F.3d 801 (9th Cir. 2020); *Mayor & City Council of*

*Baltimore v. Azar*, 392 F. Supp. 3d 602, 618 (D. Md. 2019); *California v. Azar*, 385 F. Supp. 3d 960, 970 n.1 (N.D. Cal. 2019), *vacated and remanded on other grounds sub nom. California ex rel. Becerra v. Azar*, 950 F.3d 1057 (9th Cir. 2020), *cert. granted sub nom. Oregon v. Cochran*, 141 S. Ct. 1369 (2021), *cert. dismissed as moot sub nom. Oregon v. Becerra*, 141 S. Ct. 2621 (U.S.); *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 435 (E.D.N.Y. 2018), *cert. before judgment granted sub nom. McAleenan v. Vidal*, 139 S. Ct. 2773 (2019), *vacated and remanded on other grounds sub nom. Dep't of Homeland Sec. v. Regents of Univ. of Calif.*, 140 S. Ct. 1891 (2020).[1]

Courts proceed in this manner, in part, because the fact that a parallel injunction could be altered or lifted "at any moment" renders the injury sufficiently "imminent" to justify relief. *California*, 390 F. Supp. at 1066. That is a very real possibility here. When the States asked whether Federal Defendants intended to appeal the injunction entered in D.D.C., Federal Defendants were unable to provide assurances that an appeal or a motion to stay would not be filed, either by them or by the intervenor. Without assurances that the D.D.C. injunction will not be challenged, a preliminary injunction remains necessary and proper here. *See Nw. Immigrant Rts. Project*, 496 F. Supp. 3d at 81 (granting injunctive relief in part because "Defendants have

---

[1] Several courts have indicated that the fact that a prior order originates from another circuit favors the court rendering an independent decision on the merits of the pending motion. *See, e.g., Nw. Immigrant Rts.*, 496 F. Supp. 3d at 81 ("If courts were to conclude, as Defendants suggest, that an order granting a nationwide, preliminary injunction in one district was sufficient to shut down all other, similar litigation, the resolution of important questions would be left to a single district court and to a single circuit, losing the benefit of the 'airing of competing views' on difficult issues of national importance." (quoting *DHS v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of stay)); *Regeneron Pharms., Inc. v. United States Dep't of Health & Hum. Servs.*, 510 F. Supp. 3d 29, 41 n.4 (S.D.N.Y. 2020) (distinguishing cases based on whether the trial courts involved were within the same judicial circuit).

not committed to stand down in the parallel litigation, leaving the prospect that the injunction in that case could be stayed or set aside [on appeal]").[2]

Federal Defendants also request more time to respond to the preliminary injunction because they claim that they are too busy to file a timely response. But the States filed their motion for a preliminary injunction on September 17, and Federal Defendants waited nearly a week before even contacting the States about a possible extension of time. Federal Defendants could have been using that time to brief a timely response. Instead, Federal Defendants briefed and filed two different motions in this matter since the States filed their motion for preliminary injunction. *See* Dkt. 22, 27. Motions for preliminary injunction are heard on an expedited basis. There is no reason to alter the Court's briefing schedule.

For these reasons, halting the timeline to complete briefing of the States' preliminary injunction now, with the status of the D.D.C. proceedings unclear, would be highly prejudicial to the States. Likewise, so would permitting the Federal Defendants extra time to brief a response to the States' motion, which they admit is conceptually similar to the briefing they just submitted in D.D.C.

---

[2] Although the Federal Defendants propose a conditional stay that would lift upon filing of a notice of appeal, that offer does not address the possibility of a stay of the D.C. order, either by the trial court or by the D.C. Circuit. Given the pace of proceedings on stay motions, including emergency petitions to the United States Supreme Court, that have been pursued by Federal Defendants in other recent matters, it is not entirely clear what, if any, conditional schedule this Court could sensibly impose to ensure the State Plaintiffs do not incur irreparable harm through a stay of the injunction.

| | |
|---|---|
| Dated: September 29, 2025 | Respectfully submitted,<br><br>**PETER F. NERONHA**<br>ATTORNEY GENERAL OF RHODE ISLAND<br><br>By: */s/ Sarah W. Rice*<br>Katherine Connolly Sadeck (Bar No. 8637)<br>*Solicitor General*<br>Sarah W. Rice (Bar No. 10588)<br>*Assistant Attorney General*<br>Nicholas M. Vaz (Bar No. 9501)<br>*Special Assistant Attorney General*<br>Alex Carnevale (Bar No. 10724)<br>*Special Assistant Attorney General*<br>Leonard Giarrano IV (Bar No. 10731)<br>*Special Assistant Attorney General*<br>Judy M. Shih\* (CA Bar No. 206394)<br>*Special Assistant Attorney General*<br>Maithreyi Ratakonda\* (NY Bar No. 5060124)<br>*Special Assistant Attorney General*<br>Max Jordan Kober\* (NY Bar No. 5911409)<br>*Special Assistant Attorney General*<br>150 South Main Street<br>Providence, RI 02903<br>Tel.: (401) 274-4400<br>ksadeck@riag.ri.gov<br>srice@riag.ri.gov<br>nvaz@riag.ri.gov<br>acarnevale@riag.ri.gov<br>lgiarrano@riag.ri.gov<br>judy@statesunited.org<br>mai@statesunited.org<br>max@statesunited.org<br><br>*Counsel for the State of Rhode Island* |

**WILLIAM TONG**
ATTORNEY GENERAL OF CONNECTICUT

By: */s/ Benjamin Cheney*
Michael K. Skold* (CT Bar No. ct28407)
*Solicitor General*
Matthew I. Levine* (CT Bar No. ct18898)
*Deputy Associate Attorney General*
Evan O'Roark* (CT Bar No. ct30562)
*Deputy Solicitor General*
Benjamin Cheney* (CT Bar No. ct29685)
*Assistant Attorney General*
165 Capitol Avenue
Hartford, CT 06106
Tel.: (860) 808-5316
michael.skold@ct.gov
matthew.levine@ct.gov
evan.oroark@ct.gov
benjamin.cheney@ct.gov

*Counsel for the State of Connecticut and Katherine Dykes*

* *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on September 29, 2025, using the Court's CM/ECF system, and that, therefore, service was accomplished upon counsel of record by the Court's system.

Dated: September 29, 2025

/s/ *Benjamin W. Cheney*
Benjamin W. Cheney (ct29685)
Assistant Attorney General