IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants. | Case No. 1:25-cv-00439-MSM-PAS <br><br> **EXPEDITED REQUEST FOR RELIEF** |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO HOLD PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION IN ABEYANCE OR FOR AN EXTENSION OF TIME**

Judicial economy counsels in favor of holding in abeyance the States' motion for preliminary injunctive relief, though with conditions to proceed with briefing should any appeal be filed for the preliminary injunction issued in the District Court for the District of Columbia. The States' desire to nonetheless proceed with their motion is based on speculation and ignores the circumstances of the agency action at issue.

The States take issue with the fact that Federal Defendants' abeyance proposal was conditioned on filing of a notice of appeal, which the States say does not account for a potential motion for a stay pending appeal. Resp. at 4 n.2. But to file a motion for stay pending appeal, one would need an appeal to be pending. Thus, motions for stay pending appeal are typically filed concurrent with or shortly after a notice of appeal. As Federal Defendants discussed in their motion, Mot. at 2, the time needed to brief and obtain a ruling on any stay motion filed in D.D.C. or the D.C. Circuit should allow the States' motion in this Court to be heard, if necessary. But if the States

1

desire, Federal Defendants are not opposed to the abeyance's condition being linked to a stay motion rather than a notice of appeal.

The States' reference to cases in which courts have granted follow-on injunctions also does not present a basis to proceed right now with briefing the States' motion. For one, we have not requested, at this stage, that the States' motion or preliminary relief be denied. We only ask that Federal Defendants, their counsel, and the Court not be asked to dedicate their limited resources to a motion seeking relief that has already been granted. But in any event, the cases the States rely on are distinguishable. Each involved a rulemaking or other action of general applicability that directly impacted the party (or the work of the party) seeking the follow-on injunction. *See Whitman-Walker Clinic v U.S. Dep't of Health and Human Servs.*, 485 F. Supp. 3d 1, 10 (D.D.C. 202) (challenge by health care providers to rule revising prior rule that had provided care access protections to certain individuals);[1] *see also id.* at 60 (noting that some courts "have entered discretionary stays or otherwise denied preliminary-injunction motions upon the issuance of a nationwide injunction granting relief similar to what plaintiffs in the later suit sought."). The stop work order, by contrast, is an informal adjudication directed at one entity: Revolution Wind. And Revolution Wind has already obtained an injunction against the order. Revolution Wind would

---

[1] *See also CASA v. Trump*, No. 25-cv-201, 2025 WL 2257625, at *1 (D. Md. Aug. 7, 2025) (class action by children born on U.S. soil to Executive Order on birthright citizenship); *NW. Immigrant Rts. Project v. U.S. Citizenship & Immigr. Servs.*, 496 F. Supp. 3d 31, 41, 46 (D.D.C. 2020) (challenge by legal services providers to rule changing fees for certain immigration applications); *Cook City v. McAleenan*, 417 F. Supp. 3d 1008, 1030 (N.D. Ill. 2019) (challenge by public hospital system and service provider organization to immigration rule redefining "public charge"); *Cal. Health & Hum. Servs. v.* 390 F. Supp. 3d 1061, 1063–64 (N.D. Cal. 2019) (challenge by States running health care programs to rule creating exemptions for contraceptive mandate); *Mayor & City Council of Baltimore*, 392 F. Supp. 3d 602, 605 (D. Md. 2019) (challenge by local government providing health services to rule amending requirements for funding of family planning services); *California v. Azar*, 385 F. Supp. 3d 960, 696 (N.D. Cal. 2019) (same by state government and service provider); *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401 (E.D.N.Y. 2018) (challenge by states and individuals to end of Deferred Action for Childhood Arrivals program).

certainly be able to adequately advocate for itself in any briefing on a speculative motion to stay the injunction pending an (also speculative) appeal.

Even if the Court does not hold Plaintiffs' motion in abeyance, the States offer no serious basis on which to deny an extension to October 24. The stop work order is enjoined and Revolution Wind can proceed with construction. No party has noticed an appeal from the D.D.C. order. And while the States fault Federal Defendants for waiting a week after the States filed their motion to reach out regarding a potential extension, this was the day after D.D.C. granted Revolution Wind's preliminary injunction motion. In other words, Federal Defendants contacted the States as soon as it was clear there were no longer circumstances requiring immediate action.

Nor are the States accurate to say Federal Defendants "briefed and filed two different motions in this matter since the States filed their motion for preliminary injunction." Resp. at 4. Federal Defendants moved to transfer venue the same day Plaintiffs filed their preliminary injunction motion. Dkt. No. 22. And the other motion the States reference is the present motion for an abeyance, not a substantive motion. As Federal Defendants explained, undersigned counsel spent a significant amount of time preparing for and attending the very preliminary injunction proceedings that granted Revolution Wind the relief the States seek here. Mot. at 2. Given that Revolution Wind can currently proceed with construction, it is not unreasonable for Federal Defendants to request additional time to balance Plaintiffs' motion with counsels' other litigation responsibilities.

The facts here, when considered with interests of judicial economy, weigh in favor of holding the States' motion for preliminary injunctive relief in abeyance or, at a minimum, extending Federal Defendants' time to respond to October 24.

Dated: September 29, 2025                    Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General
Environment & Natural Resources Division

 *s/ Kristofor R. Swanson*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
AMANDA K. RUDAT
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 598-1937 (Swanson)
(202) 532-3201 (Rudat)
kristofor.swanson@usdoj.gov
amanda.rudat@usdoj.gov

*Attorneys for Federal Defendants*