UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, et al., <br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> *Defendants*. | C.A. No. 1:25-cv-00439 <br><br> Hon. Mary S. McElroy |

**Proposed Defendant-Intervenor's Reply in Support of Motion to Intervene**

Proposed Defendant-Intervenor, Green Oceans, asks this Court to grant its motion to intervene because it has a direct, concrete, and substantial interest in defending the Stop Work Order; this motion is timely; and Green Oceans' participation in this case will assist the Court in resolving the complex issues at stake.

1. Green Oceans and its members include commercial and recreational fishermen who rely on Cox Ledge—the marine habitat which serves as a productive fishing ground over which the Revolution Wind Project will be built; fishing charter operators whose livelihoods depend on whale watching and the ability to fish in ecologically rich waters; coastal homeowners whose historic and scenic views are integral to the value and enjoyment of their properties; recreational sailors who navigate the waters where the Project is being built and whose ability to navigate will be adversely and directly affected by this Project; and Tribal members whose cultural and spiritual ties to the seascape are longstanding and profound. These interests are being impaired as construction continues now that the United States District Court for the District of Columbia has lifted the Stop Work Order.

1

The Order provided temporary relief from the harms of ongoing construction—protecting fishing grounds, navigation routes, historic vistas, and cultural landscapes from further degradation. If the Order is invalidated, construction moves forward unchecked and those harms worsen; if it is upheld, Green Oceans' members preserve meaningful protection for their concrete interests. That is precisely the significantly protectable interest Rule 24 requires.[1]

2.  Plaintiffs, the State of Rhode Island, et al. (the States) are wrong to suggest that Green Oceans' interests belong only in the District of Columbia litigation. That case challenges the Government's original approvals of the Project; this one concerns a different agency action—the Stop Work Order. The two proceedings are not interchangeable. The lawfulness of the Stop Work Order matters on its own because it determines whether construction moves forward unchecked, and with it, whether Green Oceans' members continue to suffer escalating harm. That means Green Oceans' participation is not duplicative.

Excluding Green Oceans from this case would risk undermining its ability to protect its members' interests in both proceedings. Rule 24 does not require an intervenor to show that its interests exist solely in this case; it requires only that the intervenor's interests are substantial and may be impaired by the case's disposition.[2] The lawfulness of the Stop Work Order goes directly to whether those interests are safeguarded or disregarded.

---

[1] *See generally Conservation L. Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39 (1st Cir. 1992) (holding that commercial fishing groups had a significantly protectable interest in litigation affecting federal fishery regulations because their economic and cultural interests bore a close relationship to the dispute); *Tutein v. Daley*, 43 F. Supp. 2d 113, 127 (D. Mass. 1999) (finding that the National Audubon Society had a "genuine and deep felt interest" in conserving Atlantic Bluefin Tuna and that such conservation concerns were "undoubtedly" significantly protectable interests under Rule 24).

[2] *See* Fed. R. Civ. P. 24(a)(2).

3. The States are flat wrong in their contention that the Federal Defendants adequately represent Green Oceans. Green Oceans' members face immediate harms from ongoing construction to their fisheries, navigation, coastal use, and cultural resources, while the Government has no such stake. The Government's own filings confirm this divergence.[3] Instead of defending the Stop Work Order on the merits, the Federal Defendants asked this Court to hold briefing in abeyance or extend deadlines because of developments in the D.C. litigation.

That motion underscores that the Government's interests differ from Green Oceans: the Government's priority is efficiency and litigation management, not protection from the concrete harms Green Oceans' members are experiencing. The Government can afford to delay or hedge because it has no skin in the game; Green Oceans cannot.[4] And as the First Circuit explained in *Conservation Law Foundation of New England, Inc. v. Mosbacher*,[5] agencies charged with broad public responsibilities cannot be assumed to advance the narrower, more parochial interests of those directly affected.[6] That is exactly the case here, and the Government cannot adequately represent Green Oceans' members.

4. The States' reliance on the transcript for the hearing on Revolution Wind, LLC's motion for a preliminary injunction in D.C. District Court is misplaced. Nothing said in that hearing supports their opposition to Green Oceans' motion to intervene. What Green Oceans said

---

[3] Gov't Mot. to Hold Pls. Mot. for PI in Abeyance, ECF No. 27 (Sept. 26, 2025).
[4] *Conservation L. Found. of New England, Inc.*, 966 F.2d at 44 (finding governmental representation inadequate where an agency's broad public responsibilities diverged from the intervenors' narrower economic interests).
[5] *Conservation Law Foundation of New England, Inc.*, 966 F.2d 39.
[6] *Id.* at 44 ("While the Secretary may well believe that what best serves the public welfare will also best serve the overall interests of fishermen, the fact remains that the fishermen may see their own interest in a different, perhaps more parochial light. For example, a fisherman with a mortgage to pay off on his boat may not want to limit his fishing activities even if the long-term effect of continuing to fish is to put the entire fishing stock at risk.").

supports this motion. However, to be clear, Green Oceans' argument in that hearing, addressing environmental and commercial impacts resulting from the Revolution Wind Project, was in the context of the "balance of the equities" and "public interest" elements of the preliminary injunction analysis—not in the context of the merits of Revolution Wind's claim.

During that argument, neither the Court nor any party objected to Green Oceans' argument on relevance grounds, including any statements about the impacts of the Revolution Wind Project on Green Oceans and its members who live, fish, boat, whale-watch, and otherwise use and enjoy the environmental and natural resources affected by this project. Green Oceans explained that the Company—which is not a party here—was aware of these same concerns when it moved forward with construction even in the face of pending litigation. The States' argument (based on statements made in oral argument) that intervention will open the door to sweeping and irrelevant claims is simply not supported.

5.  Nor can the States show prejudice or delay resulting from allowing Green Oceans to intervene. Green Oceans filed its motion two weeks after the complaint was filed. No merits briefing has occurred, and no hearing has been held. Further, the federal government is currently shut down, and the U.S. Department of Justice attorneys have been furloughed.

**Conclusion**

Given the timeliness of this motion to intervene, if intervention is granted, Green Oceans can respond to the States' preliminary injunction motion on the same schedule as the Federal Defendants. Granting this motion will help the Court resolve the complex issues before it by ensuring that all parties affected by the Revolution Wind Project, and all relevant perspectives, are before the Court, promoting efficiency and fair resolution of the dispute.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Thomas W. Lyons* <br> Thomas W. Lyons, Esq. <br> Rhode Island Bar No. 2946 <br> One State Street, Suite 600 <br> Providence, RI 02908 <br> Tel.: (401) 456-0700 <br> Fax.: (401) 421-4730 <br> tlyons@straussfactor.com |
|  | Roger J. Marzulla (Pro Hac Vice) <br> D.C. Bar No. 394907 <br> Marzulla Law, LLC <br> 1150 Connecticut Ave., NW <br> Suite 1050 <br> Washington, DC 20036 <br> Tel: (202) 822-6760 <br> roger@marzulla.com |
| October 2, 2025 | Attorneys for Green Oceans |

## CERTIFICATION

I hereby certify that on October 2, 2025, a copy of the foregoing was filed and served electronically on all registered CM/ECF users through the Court's electronic filing system and served by email on attorneys for defendants. Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas W. Lyons

5