IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **State of Rhode Island**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. Department of the Interior, et al.**,<br><br>Defendants. | Case No. 1:25-cv-00439-MSM-PAS |

**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT**

Defendants U.S. Department of the Interior, Secretary Douglas Burgum (in his official capacity), Bureau of Ocean Energy Management (BOEM), Acting BOEM Director Matthew Giacona (in his official capacity), Bureau of Safety and Environmental Enforcement (BSEE), and BSEE Principal Deputy Director Kenneth Stevens (in his official capacity), hereby answer Plaintiffs' Complaint (Dkt. No. 1). The responses below correspond to the numbered paragraphs in Plaintiffs' Complaint. Defendants deny any allegations not otherwise admitted, denied, or qualified herein. Defendants also file this

answer without prejudice to their pending motion to transfer this case to the U.S. District Court for the District of Columbia.

1.      Defendants deny the allegations in the first sentence of Paragraph 1.  Defendants admit that the project is under construction and has received certain federal authorizations, but deny any remaining allegations in the second and third sentences.  Defendants admit that the Revolution Wind project is approximately 15 miles from mainland Rhode Island with planned nameplate capacity of 704 megawatts, but deny the remaining allegations in the fourth sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in the fifth sentence and deny them on that basis.

2.      Defendants admit that Revolution Wind's planned nameplate capacity is 704 megawatts, that at the time of COP approval the lessee held multiple power purchase agreements, and that Revolution Wind's export cable will make landfall in North Kingstown, Rhode Island.  The allegations regarding the power purchase agreements characterize those agreements, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the agreements, Defendants deny the allegations.  Defendants deny the remaining allegations in Paragraph 2.

Defendants admit that BOEM issued a Final Environmental Impact Statement for the project that, including appendices, was over 2,800 pages and that BOEM issued a joint Record of Decision with two other agencies. Defendants deny any remaining allegations in Paragraph 2.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 3 and deny them on that basis. The allegations in the second sentence of Paragraph 3 are vague and ambiguous regarding the contracts, mandates, and needs at issue and are therefore denied on that basis.

4.      Defendants deny the allegations in Paragraph 4 and aver that the information is outdated.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and deny them on that basis.

6.      Defendants deny the allegations in the first sentence of Paragraph 6. Defendants admit that BOEM's Acting Director issued an order on August 22. The remaining allegations in Paragraph 6 purport to characterize that order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with order, they are denied.

7.      The allegations in paragraph 7 purport to characterize two statutes, which speak for themselves and are the best evidence of their

contents. To the extent the allegations are inconsistent with the statutes, they are denied. Defendants deny any violation of law.

8.  The allegations in Paragraph 8 constitute Plaintiff's characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any violation of law.

9.  Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in the first sentence of Paragraph 11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and deny them on that basis.

12. Defendants deny the allegations in the first sentence of Paragraph 12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and deny them on that basis.

13. Defendants deny the allegations in Paragraph 13 and deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit that Katherine Dykes is the Commissioner of the Department of Energy and Environmental Protection of the State of

Connecticut and is an executive agent of the State of Connecticut.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and deny them on that basis.

17.     Defendants admit the allegations in the first sentence of Paragraph 17.  The remaining allegations in Paragraph 17 purport to characterize provisions in the United States Code which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the referenced provisions, Defendants deny them.

18.     Defendants admit the allegations in the first two sentences of Paragraph 18.  The remaining allegations in Paragraph 18 purport to characterize the United States Code which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the referenced provisions, Defendants deny them.

19.     Defendants admit BOEM is a Bureau within DOI. The remaining allegations in Paragraph 19 purport to characterize a Secretarial Order which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the order, Defendants deny them.

20.     Defendants admit the allegations in paragraph 20.

21.     Defendants admit BSEE is a Bureau within DOI. The remaining allegations in Paragraph 21 purport to characterize a Secretarial Order which

speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the that order, Defendants deny them.

22.    Defendants admit the allegations in first and second sentences of Paragraph 22.  Defendants deny the allegations in the third sentence of Paragraph 22.

23.    The allegations in Paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the court has subject matter jurisdiction but deny the allegations.

24.    The allegations in Paragraph 24 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District but aver that the case should be transferred to the District Court for the District of Columbia.

25.    The allegations in Paragraph 25 purport to characterize and quote the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

26.    The allegations in Paragraph 26 purport to characterize and quote the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

27. The allegations in Paragraph 27 purport to characterize and quote BOEM's regulations under OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the regulations, Defendants deny the allegations.

28. The allegations in Paragraph 28 purport to characterize and quote BOEM's regulations under OCSLA, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations.

29. The allegations in Paragraph 29 purport to characterize and quote BOEM's regulations under OCSLA, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations.

30. The allegations in Paragraph 30 purport to characterize and quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations.

31. The allegations in Paragraph 31 purport to characterize and quote BOEM's regulations under OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations. Defendants

aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

32.    The allegations in Paragraph 32 purport to characterize and quote BSEE's regulations under OCSLA, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations.

33.    The allegations in Paragraph 33 purport to characterize and quote BSEE's regulations under OCSLA, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 34 and deny them on that basis.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in the first and second sentences of Paragraph 35, and Defendants deny them on that basis.  The remaining allegations in Paragraph 35 purport to characterize Connecticut's Renewable Portfolio Standard, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that standard, Defendants deny them.

36.    The allegations in Paragraph 36 purport to characterize two Connecticut Public Acts, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statutes, Defendants deny the allegations.

37.    The allegations in Paragraph 37 purport to characterize a planning document from Connecticut Department of Energy and Environmental Protection, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, Defendants deny the allegations.

38.    The allegations in Paragraph 38 purport to characterize Connecticut Public Acts or codified statutes, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statutes, Defendants deny the allegations.

39.    Defendants admit that at the time of approval the project had been expected to reach commercial operation by 2026 and that it was expected to deliver electricity to Connecticut.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences and remaining allegations in the fourth sentence of Paragraph 39 and deny them on that basis.  The allegations in the third sentence purport to characterize approvals or contracts by Connecticut state agencies which speak for themselves and are the best evidence of their

contents.  To the extent those allegations are inconsistent with the referenced actions, Defendants deny those allegations.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 40 and deny them on that basis.  The remaining allegations in Paragraph 40 purport to characterize Connecticut laws, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statutes, Defendants deny the allegations.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 41 and deny them on that basis.  The remaining allegations in Paragraph 41 purport to characterize a request for proposals, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced request, Defendants deny the allegations.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and deny them on that basis.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 43 and deny them on that basis.  The remaining allegations in Paragraph 43 purport to characterize a Rhode Island statute, which speaks for itself and is

the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

44.     The allegations in Paragraph 44 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

45.     The allegations in Paragraph 45 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

46.     The allegations in Paragraph 46 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

47.     The allegations in Paragraph 47 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

48.     The allegations in Paragraph 48 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents.

To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and deny them on that basis.

50. The allegations in Paragraph 50 purport to characterize agreements with Rhode Island state agencies which speak for themselves and are the best evidence of their contents. To the extent those allegations are inconsistent with the referenced actions, Defendants deny those allegations.

51. The allegations in Paragraph 51 purport to characterize agreements with Rhode Island state agencies which speak for themselves and are the best evidence of their contents. To the extent those allegations are inconsistent with the referenced actions, Defendants deny those allegations.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and deny them on that basis.

53. The allegations in Paragraph 53 purport to characterize approvals by Rhode Island state agencies which speak for themselves and are the best evidence of their contents. To the extent those allegations are inconsistent with the referenced actions, Defendants deny those allegations.

12

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and deny them on that basis.

55.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and deny them on that basis.

56.    The allegations in Paragraph 56 purport to characterize the Deepwater Wind lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced lease, Defendants deny the allegations. Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

57.    Defendants admit the allegations in Paragraph 57.

58.    The allegations in Paragraph 58 purport to characterize an Ørsted announcement on its website, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced announcement, Defendants deny the allegations.

59.    The allegations in Paragraph 59 purport to characterize the Revolution Wind Record of Decision (ROD), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

13

60.     Defendants deny the allegations in Paragraph 60 and aver that Revolution Wind submitted its initial Construction and Operations Plan (COP) for the Revolution Wind Farm in 2020.

61.     Defendants admit the allegations in the first sentence of Paragraph 61. The remaining allegations in Paragraph 61 purport to characterize the Revolution Wind Farm and Revolution Wind Export Cable Project Final Environmental Impact Statement (FEIS), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FEIS, Defendants deny the allegations.

62.     Defendants admit the allegations in the first and second sentences of Paragraph 62.  Defendants also admit that comments were submitted on the Draft EIS.  The remaining allegations in the third sentence of Paragraph 62 purport to characterize those comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the comments, Defendants deny the allegations.

63.     Defendants admit the allegations in the first sentence of Paragraph 63. The remaining allegations in Paragraph 63 purport to characterize the Revolution Wind Farm and Revolution Wind Export Cable Project FEIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FEIS, Defendants deny the allegations.

64.    Defendants admit that BOEM issued the joint ROD prepared for the Revolution Wind Farm and Revolution Wind Export Cable Project FEIS in August 2023. Defendants deny the remaining allegations in the first sentence of Paragraph 64. The allegations in the second and third sentences of Paragraph 64 purport to characterize and quote the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations. Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval, and re-evaluating the decision to approve the COP consistent with the interpretation of the OCSLA 8(p)(4) inM-37086 and the reinstated M-37059.

65.    The allegations in Paragraph 65 purport to characterize the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations. Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval, and re-evaluating the decision to approve the COP consistent with the interpretation of the OCSLA 8(p)(4) in M-37086 and the reinstated M-37059.

66.    The allegations in Paragraph 66 purport to characterize and quote the Revolution Wind ROD, which speaks for itself and is the best evidence of

its contents. To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations. Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

67.     The allegations in Paragraph 67 purport to characterize and quote the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations. Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

68.     The allegations in Paragraph 68 purport to characterize and quote the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 68 are inconsistent with the ROD, Defendants deny the allegations.

69.     The allegations in Paragraph 69 purport to characterize and quote the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 69 are inconsistent with the ROD, Defendants deny the allegations.

70.     Defendants admit that BOEM approved the Revolution Wind Farm COP in 2023. The remaining allegations in Paragraph 70 purport to characterize a letter from Karen Baker, BOEM, to Peter Allen, Revolution

Wind LLC, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the letter, Defendants deny the allegations.

71.     The allegations in Paragraph 71 are vague and ambiguous as to the permits and licenses referenced, and Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

72.     The allegations in Paragraph 72 purport to characterize and quote a Rhode Island Coastal Resources Management Council (CRMC) Decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the rdecision, Defendants deny the allegations.

73.     Defendants admit that Rhode Island's CRMC issued a concurrence for the Revolution Wind Project in May 2023. The remaining allegations in Paragraph 73 purport to characterize the Rhode Island Concurrence, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the concurrence, Defendants deny the allegations.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and deny them on that basis.

75.     The allegations in the first sentence of Paragraph 75 purport to characterize a Rhode Island state law, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the referenced state law, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and Defendants deny them on that basis.

76.     The allegations in Paragraph 76 are vague and ambiguous as to the permit referenced, and Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

77.     The allegations in Paragraph 77 are vague and ambiguous as to the state and federal regulatory approval processes referenced, and Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

78.     Defendants admit that onshore construction began in 2023, but deny the remaining allegations in Paragraph 78 and aver that the information is outdated.

79.     Defendants deny the allegations in Paragraph 79 and aver that the information is outdated.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and Defendants deny them on that basis.

81.     Defendants admit the allegations in the first sentence of Paragraph 81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 81, and Defendants deny them on that basis.

82.     The allegations in Paragraph 82 purport to characterize a Presidential Memorandum titled Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects, 90 Fed. Reg. 8363 (Jan. 29, 2025) (Wind Memo), which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the memo, Defendants deny the allegations.

83.     The allegations in Paragraph 83 purport to characterize and quote the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the memo, Defendants deny the allegations.

84.     The allegations in Paragraph 84 purport to characterize and quote the Wind Memo, which speaks for itself and is the best evidence of its content.

To the extent the allegations are inconsistent with the memo, Defendants deny the allegations.

85. Defendants deny the allegations in the first sentence of Paragraph 85 and aver that BOEM's Acting Director Matthew Giacona issued a Director's Order to Revolution Wind, LLC on August 22, 2025. The allegations in the second sentence of Paragraph 85 purport to characterize and quote the August 22, 2025, Director's Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, Defendants deny the allegations.

86. The allegations in Paragraph 86 purport to characterize and quote the August 22, 2025, Director's Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, Defendants deny the allegations. Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

87. The allegations in Paragraph 87 purport to characterize the August 22, 2025, Director's Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, Defendants deny the allegations.

88. Defendants admit that, to the best of their knowledge, Revolution Wind complied with the Order. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, and Defendants deny them on that basis.

89.    Defendants deny the allegations in the first three sentences of Paragraph 89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence, and Defendants deny them on that basis.

90.    The allegations in Paragraph 90 purport to characterize and quote Executive Order 14156, Declaring a National Energy Emergency, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the executive order, Defendants deny the allegations.

91.    The allegations in Paragraph 91 purport to characterize and quote a Department of the Interior press release, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced press release, Defendants deny the allegations.

92.    The allegations in Paragraph 92 purport to characterize and quote a U.S. Government Accountability Office (GAO) report titled, Offshore Wind Energy: Actions Needed to Address Gaps in Interior's Oversight of Development, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced GAO report, Defendants deny the allegations.

93.    The allegations in Paragraph 93 purport to characterize two judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced opinions, Defendants deny the allegations.

94.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and Defendants deny them on that basis.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and Defendants deny them on that basis.

96.    The allegations in Paragraph 96 purport to characterize and quote an ISO-New England (ISO-NE) statement, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statement, Defendants deny the allegations.

97.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and Defendants deny them on that basis.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and Defendants deny them on that basis.

99.    Defendants admit that South Fork Wind is the first commercial-scale offshore wind farm on the U.S. Outer Continental Shelf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, and Defendants deny them on that basis.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and Defendants deny them on that basis.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and Defendants deny them on that basis.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and Defendants deny them on that basis.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and Defendants deny them on that basis.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and Defendants deny them on that basis.

105.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and Defendants deny them on that basis.

106.   Defendants admit that, when approved, the Revolution Wind project had planned to enter commercial service in 2026.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106, and Defendants deny them on that basis.

107.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and Defendants deny them on that basis.

108.   Defendants admit that the Connecticut State Pier Terminal is a marshaling facility on the East Coast used for assembling offshore wind turbines for deployment and that it has open ocean access.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and Defendants deny them on that basis.

109.   Defendants admit that State Pier Terminal is being used to support construction of Revolution Wind.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and Defendants deny them on that basis.

110.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and Defendants deny them on that basis.

111.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and Defendants deny them on that basis.

112.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and Defendants deny them on that basis.

113.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and Defendants deny them on that basis.

114.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and Defendants deny them on that basis.

115.   Defendants admit that in 2019, the Rhode Island Public Utilities Commission approved a power purchase agreement between DWW Rev 1, LLC and the Narragansett Electric Company d/b/a National Grid.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115, and Defendants deny them on that basis.

116.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and Defendants deny them on that basis.

117.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and Defendants deny them on that basis.

118.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 118, and Defendants deny them on that basis. The allegations in the second sentence of Paragraph 118 purport to characterize an Ørsted press release, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the press release, Defendants deny the allegations.

119.   Defendants deny the allegations in Paragraph 119.

120.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and Defendants deny them on that basis.

121.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and Defendants deny them on that basis.

122.   The allegations in the first sentence of Paragraph 122 purport to characterize a Connecticut statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122, and Defendants deny them on that basis.

123.   The allegations in the second sentence of Paragraph 123 purport to characterize a Connecticut statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123, and Defendants deny them on that basis.

124.   The allegations in the first sentence of Paragraph 124 purport to characterize a Connecticut statute and the Integrated Resources Plan, each of which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.  Defendants admit the allegations in the second sentence of Paragraph 124.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 124, and Defendants deny them on that basis.

27

125.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and deny them on that basis.

126.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and Defendants deny them on that basis.

127.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and Defendants deny them on that basis.

128.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and deny them on that basis.

129.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and Defendants deny them on that basis.

130.   The allegations in the first sentence of Paragraph 130 purport to characterize Rhode Island's 2022 Climate Update, which speaks for itself and is the best evidence of its contents.   To the extent the allegations are inconsistent with the document, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in the second sentence of Paragraph 123, and Defendants deny them on that basis.

131.    Defendants incorporate by reference their responses in the paragraphs above.

132.    Defendants admit Doug Burgum is the Secretary of the Department of the Interior and Matthew Giancona is the Acting Director of the Bureau of Ocean Energy Management.    Defendants deny the remaining allegations in Paragraph 132.

133.    Defendants admit the BOEM Acting Director issued an Order to Revolution Wind on August 22.  The remaining allegations in the first sentence of Paragraph 133 purport to characterize that Order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.  The remaining allegations in Paragraph 133 are legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that the Order is a final agency action, but deny any remaining allegations.

134.    The allegations in Paragraph 134 are legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that the Order is a final agency action, but deny any remaining allegations.

135.   The allegations in Paragraph 135 are legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that the Order is a final agency action, but deny any remaining allegations.

136.   The allegations in Paragraph 136 purport to quote and characterize the APA, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, they are denied.

137.   The allegations in Paragraph 137 purport to quote and characterize judicial opinions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those opinions, they are denied.

138.   The allegations in Paragraph 138 purport to quote and characterize a judicial opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that opinion, they are denied.

139.   The allegations in Paragraph 139 purport to quote and characterize judicial opinions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those opinions, they are denied.

140.   The allegations in Paragraph 140 purport to quote and characterize a judicial opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that opinion, they are denied.

141.   Defendants deny the allegations in Paragraph 141.

142.   Defendants deny the allegations in the first sentence of Paragraph 142.  The remaining allegations in Paragraph 142 purport to quote and characterize the Director's Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Order, they are denied.  Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

143.   The allegations in the second, third, and fourth sentences of Paragraph 143 purport to quote and characterize the Director's Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Order, they are denied.  Defendants deny all other allegations in Paragraph 143.  Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

144.   Defendants admit that the federal approvals associated with the project underwent an environmental review, including a Final Environmental Impact Statement, and that each federal agency undertaking an action has an

31

administrative record of its action.  Defendants deny the remaining allegations in Paragraph 144.

145.    The allegations in the third and fourth sentences of Paragraph 145 purport to quote and characterize a GAO report and an executive order, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with either document, they are denied. Defendants deny the remaining allegations in Paragraph 145.

146.    Defendants deny the allegations in the first sentence of Paragraph 146.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 and deny them on that basis.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and deny them on that basis.

148.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and deny them on that basis.

149.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and deny them on that basis.

150. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and deny them on that basis.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

153. Defendants deny the allegations in Paragraph 153.

154. Defendants incorporate their responses to the preceding paragraphs.

155. The allegations in Paragraph 155 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the statute, they are denied.

156. The allegations in Paragraph 156 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the opinion, they are denied.

157. The allegations in Paragraph 157 are legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that the Order is a final agency action but deny any remaining allegations.

158. Defendants deny allegations in Paragraph 158.

159. The allegations in Paragraph 159 purport to quote and characterize OCSLA and the Director's Order, each of which speaks for itself

33

and is the best evidence of its content. To the extent the allegations are inconsistent with either the statute or the Order, they are denied.

160. The allegations in Paragraph 160 purport to quote and characterize the Code of Federal Regulations and the Director's Order, each of which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the regulations or the Order, they are denied. Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

161. Defendants admit the Director's Order was not based on any conclusion that Ørsted had violated a lease condition.

162. The allegations in Paragraph 162 purport to quote and characterize the Code of Federal Regulations and the Director's Order, each of which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the regulations or the Order, they are denied.

163. The allegations in Paragraph 163 purport to quote and characterize the Code of Federal Regulations, the Director's Order, and the ROD, each of which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the regulations or either document, they are denied. Defendants deny that Interior lacked authority for the Order.

164. Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants incorporate their responses to the preceding paragraphs.

169.    The allegations in Paragraph 169 purport to quote and characterize OCSLA, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, they are denied.

170.    The allegations in Paragraph 170 purport to quote and characterize OCSLA, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, they are denied.

171.    The allegations in Paragraph 171 purport to quote and characterize OCSLA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, they are denied.

172.    Defendants deny the allegations in Paragraph 172.

173.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and deny them on that basis.

174.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and deny them on that basis.

175.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and deny them on that basis.

176.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and deny them on that basis.

177.   Defendants deny the allegations in Paragraph 177.  Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval.

178.   Defendants deny the allegations in Paragraph 178.

179.   Defendants deny the allegations in Paragraph 179.

180.   Defendants deny the allegations in Paragraph 180.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' complaint constitutes their prayer for relief, which requires no response.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## DEFENSES

1.    To the extent that Plaintiffs' Count III arises under 43 U.S.C. § 1349 rather than the Administrative Procedure Act, Plaintiffs failed to comply with 43 U.S.C. § 1349(a)(2)(A).

November 10, 2025

Respectfully Submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

 *s/ Kristofor R. Swanson*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
AMANDA K. RUDAT
Natural Resources Section
Environment & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-1937 (Swanson)
(202) 532-3201 (Rudat)
kristofor.swanson@usdoj.gov
amanda.rudat@usdoj.gov

*Attorneys for Federal Defendants*

37