UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| STATE OF RHODE ISLAND, *et al.*,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR, *et al.*,<br>    Defendant. | C.A. No. 1:25-cv-00439-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Defendants' Motion to Transfer Venue (ECF No. 22). Rhode Island, Connecticut, and the Commissioner of the Connecticut Department of Energy and Environmental Protection (collectively, "Plaintiffs") sued Defendants after the Bureau of Ocean Energy Management ("BOEM") issued a "Stop Work Order" to Revolution Wind, LLC, a corporation developing a wind energy facility intended to provide clean energy to Connecticut and Rhode Island. (ECF No. 1). Defendants seek to transfer this case to the United States District Court for the District of Columbia ("D.D.C"), where a similar case brought by Revolution Wind itself is pending. *See* ECF No. 22; *Revolution Wind, LLC v. Burgum*, No. 1:25-cv-02999-RCL (D.D.C. Sept. 4, 2025). For the following reasons, the Court GRANTS Defendants' Motion.

Plaintiffs' Complaint argues that the Stop Work Order—which they allege BOEM issued after the project was approximately 80% completed—violates the Administrative Procedure Act ("APA") and the Outer Continental Shelf Lands Act

("OCSLA"). (ECF No. 1 at 2, 31–42.) Plaintiffs assert standing to challenge the Stop Work Order based on their substantial economic, contractual, and energy interests in the project. *Id.* at 23–31. Plaintiffs ask this Court to declare that the Stop Work Order violates the APA and OCSLA, order it vacated, and preliminarily and permanently enjoin its enforcement. *Id.* at 42. Plaintiffs have requested a preliminary injunction to this effect. (ECF No. 21.)

Plaintiffs filed their suit on the same day that Revolution Wind filed its own suit. *See id.* at 1; *Revolution Wind* ECF No. 1. Like Plaintiffs' Complaint, Revolution Wind's suit alleges that the Stop Work Order violates the APA and OCSLA. *Revolution Wind* ECF No. 1 at 53–62. Revolution Wind's suit also alleges a violation of the Fifth Amendment's Due Process Clause based on their property interest in the project. *Id.* at 62–63. Revolution Wind's suit seeks essentially the same relief as Plaintiffs: a declaration that the Stop Work Order is unlawful, vacatur of that order, and an injunction against its enforcement. *Id.* at 63–64. On September 26, 2025, the court in *Revolution Wind* issued a preliminary injunction staying the Stop Work Order and enjoining its enforcement. *Revolution Wind* ECF No. 36.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *AstroMed, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009) (quoting

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (cleaned up). "Factors to be considered by the district court in making its determination include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation." *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). "The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).

More broadly, "courts have considered a number of private and public interests pursuant to § 1404(a)." *McEvily v. Sunbeam-Oster Co., Inc.*, 878 F. Supp. 337, 343 (D.R.I. 1994). Private interests include (1) "the availability of compulsory process for attendance of unwilling witnesses"; (2) "the cost of obtaining attendance of willing witnesses"; (3) "the relative ease of access to sources of proof"; (4) "the possibility of a view of premises, if such a view would be appropriate to the action"; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* Public interests include (1) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; (2) "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law"; (3) "the local interest in having localized controversies decided at home"; (4) "the unfairness of burdening citizens in an unrelated forum with jury duty"; and (5) "administrative difficulties flowing from court congestion." *Id.*

Here, Defendants argue that transfer is warranted because this case could have been brought in D.D.C. and because, Defendants allege, the public interest factors favor transfer while the private interest factors are neutral. (ECF No. 22 at 6–13.) Defendants' primary contention is that judicial economy and the risk of inconsistent judgments favor transfer because this suit involves "substantially overlapping, if not identical, claims," and that the relief sought by both cases is essentially the same and therefore vulnerable to conflicting rulings. *Id.* at 9; *see also* ECF No. 36 at 3–4 (charting the similarities between the claims alleged in both cases). Defendants further argue that the court in Revolution Wind's suit has "existing familiarity with the relevant facts and the statutory and regulatory scheme governing the States' claims" because the motion for a preliminary injunction was filed a week and a half before Plaintiffs' motion and because D.D.C. has reviewed prior administrative challenges related to Revolution Wind. (ECF No. 36 at 8) (citing ECF No. 22 at 4–5, 8–9).[1] Defendants also contend that the local interest in this suit is diminished by the fact that Revolution Wind—the project developer at the heart of the case—chose to sue in D.D.C., as have previous parties opposed to the project. (ECF No. 22 at 12.)

---

[1] Defendants also argue that "[t]he relative congestion of this district compared to D.D.C. marginally favors transfer" based on their determination that the median time of disposition for civil cases is 1.3 months shorter there than here. The Court affords this relatively insignificant differential little weight. *See FTC v. Cephalon, Inc.*, 551 F. Supp. 2d 21, 31 (D.D.C. 2008) (noting a 3.3-month difference in median case disposition times to be "not an especially significant difference in time to decision").

Plaintiffs counter by arguing that Defendants have failed to satisfy their burden to displace the presumption in favor of Plaintiffs' choice of forum. (ECF No. 33 at 2.) They note that the outcome of this case will directly affect local economic interests and dispute the extent to which D.D.C. is better positioned to evaluate their legal claims. *Id.* at 7–17. For support, Plaintiffs turn to *Relentless Inc. v. U.S. Department of Commerce*, where, in a case involving similarly analogous lawsuits filed in D.D.C. and Rhode Island, the court declined to transfer the Rhode Island lawsuit to D.D.C. because it found that "judicial economy would not be greatly served" by doing so. *See* No. CV 20-108 WES, 2020 WL 5016923, at *2 (D.R.I. Aug. 25, 2020).

The Court agrees with Plaintiffs that the similarity between Plaintiffs' and Revolution Wind's cases does not automatically entitle Defendants to succeed on their Motion to Transfer Venue. Nevertheless, having weighed the public and private interest factors at issue, the Court finds that transfer under 28 U.S.C. § 1404(a) is warranted. The Court agrees with Defendants that "'the overwhelming similarities' in the States' and Revolution Winds' claims and requested relief" and "the potential for inconsistent judgments" strongly favors transfer. (ECF No. 36 at 8) (quoting *Wiley v. Gerber Prods. Co.*, 667 F. Supp. 2d 171, 173 (D. Mass. 2009)). And as this "is a case brought under the Administrative Procedures Act, 'neither the convenience of the parties and witnesses nor the ease of access to sources of proof weighs heavily in the [venue] analysis.'" *Narragansett Indian Tribe v. Hendrickson*, No. 1:19-cv-00158-MSM-PAS, 2020 WL 65087, at *1 (D.R.I. Jan. 7, 2020) (alteration in original) (quoting

*Ysleta del Sur Pueblo v. Nat'l Indian Gaming Comm'n*, 731 F. Supp. 2d 36, 42 (D.D.C. 2010)).

As such, for the foregoing reasons, the Court GRANTS Defendants' Motion for Transfer of Venue (ECF No. 22). It is hereby ORDERED that this case be TRANSFERRED to the United States District Court for the District of Columbia.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

December 11, 2025